IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HOLLY HILL MALL, LLC, | ) |
| Plaintiff, | ) |
| v. | ) 1:23CV547 |
| DUNHAM'S ATHLEISURE CORP. d/b/a DUNHAM'S SPORTS, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Plaintiff, Holly Hill Mall, LLC (hereinafter "Holy Hill Mall") brought this action against Defendant, Dunham's Athleisure Corporation d/b/a Dunham's Sports (hereinafter "Dunham's Sports") alleging Breach of Contract and seeking Declaratory Relief. (ECF No. 8.) Dunham's Sports answered Plaintiff's Complaint wherein it also asserted a counterclaim for Declaratory Relief. (ECF No. 11 at 12.) Before the Court is Dunham's Sports's Motion for Judgment on the Pleadings. (ECF No. 18.)[1] For the reasons stated herein, Dunham's Sports motion will be denied.

---

[1] Because the parties filed motions to seal certain information in their respective briefs in support of and opposition to the instant motion, (ECF Nos. 22; 25), the parties filed sealed and redacted versions of the same. Dunham's Sports sealed Motion for Judgment on the Pleadings and brief, (ECF Nos. 18; 19), are duplicated in redacted form, (ECF Nos. 20; 21). Similarly, Holly Hill Mall's Response, (ECF No. 23), is duplicated in a redacted brief (ECF No. 24). The Court has granted the parties' Motions to Seal. Thus, in this Order, while this Court is addressing the outstanding motion, (ECF No. 18), it will refer to the substance of the redacted briefs.

## I. BACKGROUND

When considering a motion for judgment on the pleadings, this court views the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *See Massey v. Ojaniit*, 759 F.3d 343, 347, 352–53 (4th Cir. 2014). The following facts are undisputed.[2]

Holly Hill Mall is a limited liability company comprised of four member limited liability companies, all of which are organized under the laws of the State of North Carolina, with their principal places of business in North Carolina. (ECF No. 8 ¶¶ 1–2.) Dunham's Sports is a corporation organized under the laws of the State of Delaware, with its principal place of business in Michigan. (*Id.* ¶ 4.) Holly Hill Mall pleads two claims for relief, breach of contract and declaratory judgment, with damages collectively totaling more than $75,000.[3] (*Id.* ¶¶ 58–75.)

Holly Hill Mall owns and operates a shopping center in this District, in which Dunham's Sports leases retail space. (*See id.* ¶¶ 3, 9.) The parties entered into a lease agreement (hereinafter "the Lease") for this retail space on January 11, 2012, set to run until January 31, 2020. (*Id.* ¶¶ 9, 17.) In 2019, the parties entered into an amended lease (hereinafter "the

---

[2] When deciding a Rule 12(c) motion for judgment on the pleadings, the court considers the facts as alleged in the Complaint. *See Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). A court may also consider the answer to the Complaint. *See Alexander v. City of Greensboro*, 801 F. Supp. 2d 429, 433 (M.D.N.C. July 13, 2011). However, factual allegations contained in an answer "are taken as true only where and to the extent they have not been denied or do not conflict with the complaint." *Jadoff v. Gleason*, 140 F.R.D. 330, 331 (M.D.N.C. Oct. 23, 1991) (citations omitted); *see also id.* Accordingly, the instant motion for judgment on the pleadings considers both the facts in the Complaint and the uncontested facts in Dunham's Sports Answer.

[3] This case invokes this Court's diversity jurisdiction, and the substantive law of the State of North Carolina applies to these claims. 28 U.S.C. § 1332(a)(1). Further, North Carolina's long-arm statute allows this Court to have personal jurisdiction over Defendant, Dunham's Sports. N.C. Gen. Stat. § 1-75.4(1)c–d.

Amended Lease"), in which Dunham's Sports exercised its first option to extend its lease term to January 31, 2025. (*Id.* ¶¶ 26, 27.) As of the date of this filing, Dunham's Sports remains in possession of that retail space. (*Id.* ¶ 10.) The parties agree that the Lease and Amended Lease are authentic. (ECF Nos. 8 ¶ 59; 11 ¶ 59.) Given that the dispute is centered on the terms of these two documents, the Court will consider them both for the purpose of this motion.[4]

The Lease provides that the Holly Hill Mall shopping center encompasses a swath of real property which includes Dunham's Sports' retail space, other retail spaces within the mall, and the general land abutting the mall. (*See* ECF No. 20-1 at 5.) At the time the parties entered into the Lease, Sears, Roebuck and Company (hereinafter "Sears") occupied a retail space. (ECF No. 8 ¶ 13.) The Lease defines "Co-Tenants," as "Sears and fifty-percent (50%) of the small shop space." (ECF No. 20-1 at 15.) The Lease provides that Dunham's Sports may, with notice, terminate and cancel its lease based on the presence of Co-Tenants' in two scenarios. (*Id.*) First, if "Co-Tenant [sic]" terminates their lease, vacates or ceases operation in the shopping center, and "is not replaced with a retail tenant of the same size within one hundred eighty (180) days of such event." (*Id.*) Second, if "fifty-percent (50%) of the small shop space is not occupied by retail tenants." (*Id.*) Further, Dunham's Sports' obligations for Gross Rent would change if either of those scenarios occurred. (*Id.*)

---

[4] While extrinsic evidence is generally not considered when evaluating the sufficiency of a complaint, documents attached to a motion to dismiss may typically be considered if they are "integral to the complaint and authentic." *Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Blankenship v. Manchin*, 471 F.3d 523, 526 n. 1 (4th Cir. 2006)). The Court may also consider documents that are explicitly incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted); *accord Goines v. Valley Comty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing *Tellabs*, 551 U.S. at 322). Given that the standard of review for a motion for judgment on the pleadings is the same as a motion to dismiss, this Court will consider the attachments to the parties' motion and reply brief, namely the Lease and the Amended Lease, which are referenced in the Complaint and Answer.

In October 2018, Holly Hill Mall informed Dunham's Sports that Sears would be closing. (ECF No. 8 ¶ 21.) In February 2019, Holly Hill Mall informed Dunham's Sports that a Publix would replace the space Sears once occupied. (*Id.* ¶ 22.) In July 2019, Dunham's Sports informed Holly Hill Mall that it would like to exercise its first lease extension option. (*Id.* ¶ 23.) In September 2019, the parties executed an Amended Lease, which invoked the first lease extension option. (*Id.* ¶¶ 23, 26, 27.) The terms of the Amended Lease included a reduction in the Base Rent due for each lease extension option. (*Id.* ¶ 24, 28.) However, the Lease Amendment did not change the terms of the Co-Tenancy Clause in the original Lease. (*See* ECF No. 20-2 at 2.)

Sears vacated the shopping center in February 2020. (ECF No. 8 ¶ 32.) Citing the COVID-19 pandemic, Dunham's Sports requested that Holy Hill Mall reduce the Gross Rent by half, and Holly Hill Mall did so from April through July 2020. (*Id.* ¶ 33, 34.) In August 2020, Dunham's Sports asserted its right to reduce its rent beginning in September 2020. (*Id.* ¶ 39; ECF No. 11 ¶ 39.) Despite receiving notice of Sears' impending vacancy in 2018, Dunham's Sports asserted that the Lease's Co-Tenancy clause was violated by the continued vacancy of the Sears space. (ECF No. 11 ¶ 39.) Holly Hill Mall demanded rent payment in writing in August 2020. (*See* ECF No. 8 ¶ 41.) Dunham's Sports did not pay the Gross Rent in September 2020. (*Id.* ¶ 43.) Holly Hill Mall again demanded rent payment in writing, and Dunham's Sports has not paid any amount of rent for September 2020. (*Id.*)

Since October 2020, Dunham's Sports has paid rent in varied amounts, all short of the Gross Rent required by the Amended Lease. (*See id.* ¶ 45.) Though Dunham's Sports argues that it properly asserts its right to pay reduced rent based on the alleged violation of the Co-Tenancy Clause, Publix opened in the vacated Sears premises. (ECF No. 11 ¶¶ 21, 56.)

4

Dunham's Sports has continued to not pay the Gross Rent listed in the Amended Lease. (*See* ECF No. 8 ¶ 45.) Dunham's Sports maintains that Publix and the Shopping Center that accompanies it do not satisfy the Co-Tenancy Clause. (ECF No. 21 at 3, 6, 11–14.)

On May 30, 2023, Holly Hill Mall initially filed a complaint in Alamance County Superior Court, thereafter Dunham's Sports filed a petition for removal of the case to this Court on June 30, 2023. (ECF No. 1 ¶ 1.) On July 12, 2023, Holly Hill Mall filed its Amended Complaint (hereinafter "Complaint") seeking the unpaid rent, interest on the missing rent payments, and a declaratory judgment that validates its interpretation of the Lease and allows it to evict the Dunham's Sports. (ECF No. 8 ¶ 58–75.) Dunham's Sports filed a responsive filing that included an initial Answer and Counterclaim. (ECF No. 10.) On August 22, 2023, Dunham's Sports filed an Amended Answer (hereinafter "Answer") and Amended Counterclaim (hereinafter "Counterclaim") asking this Court for a declaratory judgment validating its interpretation of the Lease and that it has paid all rent due to date. (ECF No. 11 at 16–17.) On September 13, 2023, Holly Hill Mall filed an Answer to the Counterclaim. (ECF No. 12.) On March 15, 2024, Dunham's Sports filed the instant Motion for Judgment on the Pleadings. (ECF Nos. 18 (Sealed); 20 (Redacted).)

## II. STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure reads: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A "Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (citation omitted). Such a motion is generally analyzed "under the same standards as a motion to dismiss under Rule 12(b)(6)."

5

*Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). However, when addressing a Rule 12(c) motion, the Court may consider the Answer and attached exhibits in addition to the Complaint and its exhibits. *See Seneca Ins. Co. v. Shipping Boxes I, LLC*, 30 F. Supp. 3d 506, 510 (E.D. Va. 2014).

### III. DISCUSSION

"To survive a motion for judgment on the pleadings, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Conner v. Cleveland Cnty.*, 22 F.4th 412, 420 (4th Cir. 2022) (quoting *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (internal quotation marks omitted) (citation omitted)). "Ultimately, 'a defendant may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff.'" *Fitzhenry v. Indep. Ord. of Foresters*, No. 2:14-CV-3690-DCN, 2015 WL 3711287, at *1 (D.S.C. June 15, 2015) (citing *BET Plant Servs., Inc. v. W.D. Robinson Elec. Co.*, 941 F. Supp. 54, 55 (D.S.C. Oct. 11, 1996)); *cf. Fed. Ins. Co. v. S. Lithoplate, Inc.*, 7 F. Supp. 3d 579, 583 (E.D.N.C. Mar. 14, 2014).

First, this Court will determine if Plaintiff has adequately pled its claims. The elements of a breach of contract claim under North Carolina law are: first, the existence of a valid contract; and second, a breach of the terms of that contract. *Recon Grp. LLP v. Lowe's Home Ctrs., LLC*, No. 5:23-CV-00163-KDB-DCK, 2024 WL 3658846, at *4 (W.D.N.C. Aug. 5, 2024) (citations omitted). The parties agree that a valid lease governed the relationship between them from 2012 until the present. (*See* ECF Nos. 8 ¶ 59; 11 ¶ 59). Plaintiff alleges that Dunham's Sports breached the terms of their contract by not paying the amount of Gross Rent due since September 2020. (*See* ECF No. 8 ¶ 42, 45.) Dunham's Sports acknowledges that it has not paid the rent as described in the Amended Lease, but also alleges that it was

6

entitled to reduce the Gross Rent because of Holly Hill Mall's violation of the Co-Tenancy Clause. (ECF No. 11 ¶¶ 42, 45.) Therefore, the primary issue in this case is the construction of the Co-Tenancy Clause of the Lease. Yet, construing the facts in favor of Holly Hill Mall, it appears Holly Hill Mall alleged sufficient factual matter to state a plausible claim of breach of contract. *See Conner*, 22 F.4th at 420.

However, Dunham's Sports argues that because the Co-Tenancy Clause is unambiguous and its interpretation of it is controlling, it is entitled to judgment as a matter of law. (ECF No. 21 at 12–13, 13–14.) Holly Hill Mall disagrees and argues that the Clause "at best" is ambiguous and factual development is necessary to understand its meaning. (ECF No. 24 at 2.) Generally, "[a] contract's meaning and effect is a question of law for the court . . . when the language of the contract is clear and unambiguous." *Galloway as Tr. of Melissa Galloway Snell Living Tr. Dated May 1, 2018 v. Snell*, 885 S.E.2d 834, 836 (N.C. 2023). However, when a contract's terms are ambiguous, the meaning of those terms are questions of fact requires additional extrinsic evidence. *Id.* (citations omitted); *see also Crider v. Jones Island Club, Inc.*, 554 S.E.2d 863, 866 (N.C. Ct. App. 2001). An ambiguity exists "'when the meaning of words or the effect of provisions is uncertain or capable of several reasonable interpretations.'" *Galloway*, 885 S.E.2d at 836 (quoting *Register v. White*, 599 S.E.2d 549, 553 (N.C. 2004)). Here, the parties' allegations concerning the interpretation of the terms of the lease, especially the Co-Tenancy Clause, are vastly different, however, neither interpretation appears unreasonable on its face. Further, upon review of the Lease, this Court cannot conclude as a matter of law that the terms of the Co-Tenancy Clause must be interpreted as offered by Dunham's Sports. Given the wide berth between the parties' interpretations and the ambiguity of the language of the Co-Tenancy Clause, this Court concludes that there are issues of fact that must be

7

resolved for this Court to determine which of the parties' interpretations accurately reflects the contract between them and consequently to decide whether there was a breach of that contract. *See e.g.*, *Nighbert Land Co. v. CONSOL of Ky., LLC*, No. 2:19-CV-00435, 2020 WL 6276141, at *7 (S.D.W. Va. Oct. 26, 2020) (holding it could not grant judgment on the pleadings based on parties' contested interpretation of the contract at issue).

It is also very clear that granting a motion for judgment on the pleadings requires that this Court find, when construing the facts in favor of the nonmovant, that the nonmovant cannot prove any set of facts that would entitle them to relief. *Pulte Home Corp. v. Montgomery Cnty.*, 909 F.3d 685, 691 (4th Cir. 2018) (quoting *Priority Auto Grp., Inc. v. Ford Motor Co.*, 757 F.3d 137, 139 (4th Cir. 2014) (internal citation omitted in original)). Construing the factual allegations of the Complaint in the light most favorable to the Plaintiff, the Court finds that Holly Hill Mall has pled a set of facts that would entitle them to relief from Dunham's Sports' alleged breach of the parties' contract. *Conner*, 22 F.4th at 420 (citation omitted). Holly Hill Mall alleges that Dunham's Sports wrongfully asserted its right to reduce its rent payments based on the terms of the Lease; and has alleged that Dunham's Sports has not paid the rent due by the Lease's terms since September of 2020. (*See* ECF No. 8 ¶¶ 42, 45.) Additionally, Dunham's Sports does not deny that it has not paid the Gross Rent according to section "2" of the Amended Lease. (*See* ECF No. 11 ¶¶ 42, 45.) Dunham's Sports only denies that it *wrongfully* did so. (*See id.* ¶¶ 42, 45, 50, 51.) Accordingly, this Court finds that the Holly Hill Mall has adequately alleged a breach of contract, primarily by definitively showing the years of Dunham's Sports unpaid rent.

There are also facts that, if proven, would permit recovery for Holly Hill Mall, namely its interpretation of the Co-Tenancy Clause. *See Fitzhenry*, 2015 WL 3711287, at *1 (citing *BET*

*Plant Servs.*, 941 F. Supp. at 55). For instance, the facts could be interpreted to lead to the conclusion that the Co-Tenancy Clause requires Dunham's Sports' to first provide written notification to Holly Hill Mall that it wishes to terminate and cancel its Lease before it may have its rent reduced and that its rent may only be reduced for the remainder of their possession of the premises. (ECF Nos. 20-1 at 15; 24 at 1–2.) Indeed, Holly Hill Mall argues that interpreting the Lease otherwise would allow Dunham's Sports to indefinitely remain in possession of the premises and pay reduced rent. (*See* ECF Nos. 20-1 at 15; 24 at 1.) Therefore, this Court cannot grant Dunham's Sports' motion on the pleadings because, if proven, Holly Hill Mall's interpretation of the Co-Tenancy Clause would permit their recovery. *Fitzhenry*, 2015 WL 3711287, at *1 (citing *BET Plant Servs.*, 941 F. Supp. at 55).

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Dunham's Sports' Motion for Judgment on the Pleadings, (ECF No. 18), is **DENIED**.

This, the 31st day of January 2025.

/s/ Loretta C. Biggs
United States District Judge